# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | |
|---|---|
| **TIMOTHY WYATT SMITH,** | ) |
| | ) |
|    **Plaintiff,** | ) |
| | ) |
| **v.** | )   No.   **3:20-CV-344-PLR-DCP** |
| | ) |
| **FEDERAL BUREAU OF PRISONS,** | ) |
| **USP ATLANTA, DR. HAYES, DR.** | ) |
| **CHAKOS, and MEDICAL STAFF,** | ) |
| | ) |
|    **Defendants.** | ) |

## MEMORANDUM OPINION

Plaintiff, a prisoner in the Knox County Detention Facility, has filed a pro se complaint for violation of 42 U.S.C. § 1983 [Doc. 1] and a motion for leave to proceed *in forma pauperis* [Doc. 4]. Plaintiff's claims arise out of incidents that occurred in the United States Prison in Atlanta ("USP Atlanta") prior to his move to Knox County Detention Facility, and he has sued only entities and individuals associated with USP Atlanta [Doc. 1 p. 1, 3–4]. The general venue statute for federal district courts provides in relevant part as follows:

> A civil action may be brought in—(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C.A. § 1391(b)(1)-(3). A federal district court may transfer a civil action to any district or division where it could have been filed originally "in the interest of justice." 28 U.S.C. § 1406(a).

As set forth above, Plaintiff's complaint sets forth claims that occurred in USP Atlanta, which is in Fulton County, Georgia. Fulton County is located within the Atlanta Division of the United States District Court for the Northern District of Georgia. 28 U.S.C. § 90(a)(2). The Court therefore concludes that the proper venue for this case is the Atlanta Division of the Northern District of Georgia. *See O'Neill v. Battisti*, 472 F.2d 789, 791 (6th Cir. 1972) (finding that venue in a suit against a public official lies in the district where he performs his official duties).

Accordingly, the Clerk will be **DIRECTED** to transfer this action to the Atlanta Division of the United States District Court for the Northern District of Georgia and to close this Court's file.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER**.

**E N T E R :**

_____
**CHIEF UNITED STATES DISTRICT JUDGE**